[Civ. No. 5360.   First Appellate District, Division Two.—March 11, 1926.]

MARY M. HELLMUTH, Appellant, v. DAVID BOOS et al., Respondents.

[1] PROMISSORY NOTES—NOVATION—FINDING—EVIDENCE.—In this action upon a promissory note, the finding that there was a novation is sustained by the evidence.

(1) 29 Cyc., p. 1139, n. 68; 30 Cyc., p. 1232, n. 70.

APPEAL from a judgment of the Superior Court of Fresno County.   D. A. Cashin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Frank L. Simons and Edward Schary for Appellant.

Alva E. Snow for Respondents.

STURTEVANT, J.—This is an action on a promissory note.   Judgment went for the defendant Marguerite Brandt and the plaintiff has appealed under section 953a of the Code of Civil Procedure.

In the language of the pleadings the trial court found:

"1. That the promissory note set out in plaintiff's amended complaint was signed by defendant Marguerite Brandt as surety and not otherwise, and the fact that she so signed said promissory note as surety was at the time hereof, ever since has been and now is known to said plaintiff and said plaintiff at the time of the execution of said promissory note consented to deal and did deal with said defendant Marguerite Brandt in the capacity of surety upon said promissory note.   That said Marguerite Brandt never received any consideration for her signature thereto and that the full consideration for said promissory note was One Thousand Dollars ($1000) and no more.

"2. That the above named plaintiff commenced an action against the above-named defendants in the Superior Court of the State of California, in and for the County of Fresno, on the 28th day of September, 1923, which said action was and is numbered in said court 32,447, to obtain judgment

against said defendants for the full sum of Fifteen Hundred Dollars ($1500), together with interest thereon at 8% per annum from the 2d day of January, 1923, less the sum of $25.00, which had been previously paid thereon, together with attorney's fees, that said action was subsequently tried in said Superior Court, and upon said trial said court found that said promissory note and said loan represented thereby was and is usurious, and judgment was entered accordingly.

"3. That in said action, numbered 32,447, commenced as aforesaid, plaintiff, in due process, caused writ of attachment to be issued and the property of defendants David Boos and August Boos, Jr., was attached thereunder. That prior to said trial of said cause, and while said attachment was in full force and effect, this plaintiff, defendants August Boos, Jr., and Annie Boos, his wife, and David Boos and Katie Boos, his wife, and for the purpose of extinguishing the obligation of each and all of the defendants herein by reason of the execution of said promissory note, agreed that, in the place and stead of and as a substitution for said promissory note sued on therein, and which is the same promissory note set out in plaintiff's amended complaint herein said defendants August Boos, Jr., and Annie Boos, his wife, would execute to plaintiff a new and different promissory note for Fifteen Hundred Dollars ($1500) to become due November 1, 1924, bearing interest at the rate of 8% per annum, and as security for the payment of said promissory note due November 1, 1924, would execute a crop mortgage, to plaintiff, upon the crops to be grown during the season of 1924, on the South Half of Lots 191 and 192 in Perrin Colony, in the County of Fresno, State of California, and that in addition to said promissory note secured by said mortgage plaintiff was to receive, in cash, the sum of Three Hundred Thirty-nine Dollars ($339.). That pursuant to said agreement said defendants August Boos, Jr., and Annie Boos, his wife, did execute to plaintiff for and in the place and stead of said promissory note sued upon in said prior action, and set out in plaintiff's amended complaint herein, a new promissory note in the sum of Fifteen Hundred Dollars ($1500), due November 1, 1924, bearing interest at the rate of 8% per annum, and as security for the payment thereof executed to plaintiff

a crop mortgage upon the crops to be grown during the season of 1924 on the said South Half of said Lots 191 and 192 in said Perrin Colony, which said crop mortgage was by plaintiff duly recorded in the office of the County Recorder of the County of Fresno, State of California, also prior to said trial and pursuant to said agreement plaintiff was paid, and she also received, the said sum of $339.00;

"4. That the execution of the said new promissory note, together with the execution of said crop mortgage to secure the payment of same, and the payment and receipt by plaintiff of the said $339.00 extinguished the obligation incurred by Marguerite Brandt, one of the defendants herein by reason of the execution of said promissory note set out in plaintiff's amended complaint herein, and that said defendant Marguerite Brandt was then and there, and she now is, and prior to the commencement of the above-entitled action was released from any and all obligation thereunder.

"As a conclusion of law from the foregoing facts the court finds that a judgment should be entered herein wherein and whereby it shall be ordered, adjudged and decreed that plaintiff take nothing by reason of her action herein as against defendant Marguerite Brandt, and that said defendant Marguerite Brandt do have and recover of and from said plaintiff her, defendant's, costs of suit, and that judgment be entered accordingly."

[1] The appellant asserts that the finding that there was a novation is not sustained by the evidence. A reading of her brief discloses the contrary. It is to be unduly liberal to the appellant to say that the evidence is conflicting, for it is not. It is in favor of the respondent. As we understand the appellant, she calls attention to the fact that, according to the agreement as made, the $339 should have been paid immediately and it was not so paid. When it was paid no objection to the delay was interposed, but it was accepted, and ever since has been retained by the appellant. These facts show a waiver of the delay and do not square with any other theory. When the $339 was paid it was done in this manner. The respondent placed a banker's check in the hands of Mr. Graves, the attorney for David and Katie Boos, with directions to pay the amount as the final payment on the agreement of nova-

tion mentioned in the third finding. In accordance with those directions Mr. Graves sent the check in an envelope inclosed with a letter stating that the check was delivered as the final payment on said agreement.

Of her act in accepting and retaining the $339 the trial judge in ruling said: "The Court: She couldn't keep it legally and accept it not in accordance with the arrangement by which it was paid. She couldn't do that. She took it and credited it on this other note. She had no right to do that, because it was not paid on that note. The lady who paid it had the right to make the payment, because the whole thing was for her benefit. She could pay it and look to Mr. Boos for its return, possibly, and the plaintiff did take it and did keep it, contrary to the plain intendment of the letter, as I understand it. It does seem to me that that is conclusive, as an allegation, because the letter told her clearly enough what it was for, and, if she chose to take it at all, it was taken pursuant to the letter and not otherwise, as I view it." We know no comment more pertinent.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.